# FIFTH DISTRICT COURT OF APPEAL
## STATE OF FLORIDA

_____

Case No. 5D2025-0804
LT Case No. 2024-CT-013697-A

_____

ANGELA MARIE MAHONEY,

    Appellant,

    v.

STATE OF FLORIDA,

    Appellee.

_____


On appeal from the County Court for Duval County.
Robin E. Lanigan, Judge.

Charlie Cofer, Public Defender, and Elizabeth Hogan Webb,
Assistant Public Defender, Jacksonville, for Appellant.

James Uthmeier, Attorney General, and Kristie Regan, Assistant
Attorney General, Tallahassee, for Appellee.


August 14, 2026

PER CURIAM.

Appellant Angela Mahoney appeals the trial court's judgment
and restitution order requiring her to pay restitution for damages
caused in an accident while Mahoney was driving on a suspended
license. We have jurisdiction. *See* Art. V, § 4(b)(1), Fla. Const.; Fla.
R. App. P. 9.030(b)(1)(A). Based on established precedent, we
reverse.

Mahoney caused a car accident with another driver. Thereafter, Mahoney was charged via a two-count information with Driving While License Cancelled, Suspended, or Revoked and Leaving the Scene of an Accident Resulting in Property Damage. Mahoney was convicted. The trial court withheld adjudication, imposed fines and courts costs, and, following a hearing, entered its order requiring Mahoney to pay $3,918.58 in restitution to the victim.

Mahoney appeals, arguing that the trial court erred in ordering restitution because the "alleged damage was not causally related to the charged offenses." Mahoney failed to preserve this argument below but is entitled to raise it for the first time on appeal as fundamental error. *Noland v. State,* 734 So. 2d 464, 466 (Fla. 5th DCA 1999) (stating that an error is fundamental if a "defendant was ordered to pay restitution for items entirely outside the scope of the criminal prosecution" and reversing because the restitution did "not relate to the offense charged"); *see Medlin v. State*, 180 So. 3d 1101, 1103 (Fla. 5th DCA 2015) (quoting *Noland).*

Based upon the Florida Supreme Court's decision in *Schuette v. State*, we reverse and vacate the judgment and restitution order entered by the trial court. 822 So. 2d 1275, 1283–84 (Fla. 2002) (approving *Cheek v. State,* 700 So. 2d 731 (Fla. 5th DCA 1997) ("[T]he fact that [the defendant's] license was suspended was not causally related to the crash.")).

REVERSED. Judgment and Restitution Order VACATED.


MAKAR and MACIVER, JJ., concur.
SOUD, J., concurs specially, with opinion.

2

———————————————————

*Not final until disposition of any timely and authorized motion under Fla. R. App. P. 9.330 or 9.331.*

———————————————————

SOUD, J., concurring specially.

I concur that the Florida Supreme Court's decision in *Schuette v. State*, 822 So. 2d 1275 (Fla. 2002), appears to require that we reverse the eminently reasonable decision of the conscientious trial judge to require Appellant Angela Mahoney to pay restitution to the victim in this case. I write to encourage the Florida Supreme Court to reconsider its precedent.

Section 775.089, Florida Statutes (2024), governs restitution ordered to victims of crimes. Requiring restitution serves two important purposes: (i) to compensate a victim to make her as whole as possible, and (ii) to serve the punitive, deterrent, and rehabilitative purposes of sentencing in the criminal justice system. *See Glaubius v. State*, 688 So. 2d 913, 915 (Fla. 1997) (citing *Spivey v. State,* 531 So. 2d 965 (Fla. 1988)).

*Schuette* appears to have maintained our Supreme Court's requirements—originally set forth in the 1980s—that restitution must be for loss or damage that is causally connected to the offense and bears a significant relationship to the offense. *See Schuette*, 822 So. 2d at 1279; *see also J.S.H. v. State,* 472 So. 2d 737, 737 (Fla. 1985); *State v. Williams,* 520 So. 2d 276 (Fla. 1988). In doing so, *Schuette* approved this Court's decision in *Cheek v. State*, 700 So. 2d 731, 731 (Fla. 5th DCA 1997), which reversed an order of restitution because "the fact that [the defendant's] license was suspended was not causally related to the crash."

Importantly, in both *J.S.H.* and *Williams*, the Court interpreted the predecessor to today's restitution statute. That version of the statute required a trial court to order restitution "for damage or loss caused directly or indirectly by the defendant's offense." *See* § 775.089(1)(a), Fla. Stat. (1985).

However, section 775.089(1)(a) was amended in 1993 to its current form. The statute now requires the trial court to order restitution to a victim "for [d]amage or loss caused directly or indirectly by the defendant's offense; and [d]amage or loss related to the defendant's criminal episode, unless it finds clear and

compelling reasons not to order such restitution." § 775.089(1)(a)1. and 2., Fla. Stat. As noted by Judge Sharp in her dissent to this Court's decision in *Cheek*, the addition of restitution being required for damages "related to the defendant's criminal episode," *see* § 775.089(1)(a)2., Fla. Stat., "was to expand the criteria for ordering restitution." *See Cheek*, 700 So. 2d at 732 (Sharp, J., dissenting).

Notwithstanding this clear expansion of the restitution statute,[1] in *Glaubius,* the Florida Supreme Court reiterated its requirement, articulated under the pre-amendment statute, that, "[T]o order restitution under the statute, the court must find that the loss or damage is causally connected to the offense and bears a significant relationship to the offense." 688 So. 2d at 915. As noted in *Schuette*, the Court in *Glaubius* "did not discuss the effect of the 1993 amendment on its analysis, but instead, referred to [the Florida Supreme Court's] decision in *Williams*." *Schuette*, 822 So. 2d at 1280. Our State's high court has also "reaffirmed the principle articulated in *J.S.H.* and *Williams* that the 'significant relationship' test works in conjunction with the causal relationship test set forth in section 775.089(1)(a)." *Id.* at 1281 (citing *J.O.S. v. State,* 689 So. 2d 1061, 1064 (Fla. 1997)).

In my view, the Florida Supreme Court's post-1993 precedent is beset by at least one jurisprudentially fatal error—it ignores the broadened reach of the revised language of the post-1993 statute and fails to give effect to the plain and unambiguous terms thereof.

---

[1] The *Schuette* Court seemed to question the effect of the amended statute's expansion of the criteria for ordering restitution. *See Schuette*, 822 So. 2d at 1281 n.6. ("This Court's statement in *J.O.S.* that the amendments to section 775.089 'expand[ed] the criteria for ordering restitution' appears only in the title to chapter 93-37. Ch. 93-37, § 1, at 198, Laws of Fla. (1993). . . . [T]he legislative history is silent on the purpose for adding section 775.089(1)(a)(2).") The Court's reliance upon legislative history to glean the Legislature's intent—especially in this instance when the language of the statute is clear and unambiguous and the title to chapter 93–37 expressly states the amendment's purpose and effect—is dubious at best.

5

No longer does the statute mandate restitution only for loss "caused directly or indirectly by the defendant's offense," *see* § 775.089(1)(a)1., but also for that "related to the defendant's criminal episode," *see* § 775.089(1)(a)2. By the 1993 amendment, the Florida Legislature added two important concepts: loss "related to" the "criminal episode." *See id*. These terms are plainly broader than notions of "caused by" and "offense" provided by the pre-amendment statute and now found in 775.089(1)(a)1.[2]

There can be no reasonable dispute that the damage to the victim's vehicle in the accident caused by Mahoney was caused by Mahoney's offense of *driving*[3] while her license was suspended. Any conclusion to the contrary simply strains reason. Further, the damage to the victim's vehicle also is related to Mahoney's criminal episode. As a result, Mahoney should be made to pay for the damages she caused while driving on a suspended license.

The Florida Supreme Court should reconsider its precedent and bring it in line with the plain language of section 775.089. Further, the Florida Legislature would be within its prerogative to further amend the statute to make more clear that which the 1993 amendment should rightly be understood to have accomplished.

---

[2] Generally, when interpreting statutes, courts understand that "[t]he use of different terms within related statutes generally implies that different meanings were intended." *United States v. Bean*, 537 U.S. 71, 76 n.4 (2002); *see also Burgess v. State*, 198 So. 3d 1151, 1157 (Fla. 2d DCA 2016) ("[T]he legislature does not ordinarily use different words to mean the same thing.").

[3] It is not necessary for restitution purposes that the State demonstrate that a victim's loss is caused by or related to a defendant having a license that is suspended at the time of the accident. It is sufficient that the loss is related to a defendant's *driving* while her license was suspended. Driving is necessary to the commission of the offense, as it is the first element of the crime that must be proven at trial. *See* § 322.34(2), Fla. Stat.; Fla. Std. Jury Instr. (Crim.) 28.11.